# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3807

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Michael Anthony Jones, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: September 25, 2009
Filed: November 6, 2009

_____

Before MURPHY, BRIGHT, and RILEY, Circuit Judges.

_____

BRIGHT, Circuit Judge.

In 2008, a jury convicted Michael Anthony Jones of several drug and firearm possession charges, including possession of methamphetamine with intent to distribute. Jones appeals his convictions, arguing the district court[1] erred denying (1) his motion to suppress the contents of a duffel bag, and (2) his request for a jury instruction on the lesser included offense of simple possession of methamphetamine. We affirm.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

I.

We first address the denial of Jones' motion to suppress. Jones challenges a number of the district court's factual findings and argues the findings do not establish that officers lawfully conducted a protective sweep of the garage during which they observed an open duffel bag containing marijuana.

Because Jones did not object to the magistrate judge's report and recommendation, we review the court's findings for plain error. See United States v. McArthur, 573 F.3d 608, 613 (8th Cir. 2009). The district court found the following: during a drug investigation at a St. Louis residence, Officer Lankford and his partner observed Jones and another individual leave the residence and enter the garage. The officers followed the men, who fled the garage. After the officers arrested the men for possession of narcotics, the officers entered the garage and observed a tarpaulin covering a large object. Concerned that a person could be under the tarpaulin, Officer Lankford pulled back the tarpaulin, which revealed a large open duffel bag containing several freezer bags of marijuana. We conclude that Officer Lankford's testimony supports these findings, therefore, the record reveals no plain error in the district court's findings.

Furthermore, the findings support the district court's conclusion that the officers lawfully conducted a protective sweep of the garage and seized the marijuana which was visible in the open duffel bag. See United States v. Cantrell, 530 F.3d 684, 690 (8th Cir. 2008) (holding post-arrest protective sweep permissible where supported by a reasonable articulable suspicion); United States v. Turbyfill, 525 F.2d 57, 59 (8th Cir. 1975) (holding police may lawfully seize evidence in plain view where police are lawfully in the position from which contraband was seen). We thus conclude the district court did not err denying Jones' motion to suppress.

II.

Jones challenges his conviction for possession of methamphetamine with intent to distribute, arguing the district court should have instructed the jury on the lesser included offense of simple possession of methamphetamine. We disagree.

This court reviews the denial of a motion for a jury instruction on a lesser included offense for abuse of discretion. United States v. Santoyo-Torres, 518 F.3d 620, 624 (8th Cir. 2008). But a defendant is entitled to an instruction on a lesser included offense if the evidence would permit a rational jury to find him guilty of the lesser offense and acquit him of the greater. United States v. Ziesman, 409 F.3d 941, 949 (8th Cir. 2005).

We conclude the evidence would not permit a rational jury to find Jones guilty of possessing methamphetamine while simultaneously acquitting him of intent to distribute. Police officers recovered from Jones one plastic bag containing eight smaller bags of methamphetamine totaling 6.28 grams and seized from the duffel bag nearly one kilogram of marijuana, a firearm, and a digital scale. Police did not seize any paraphernalia for ingesting methamphetamine. Police officers testified that people involved in the distribution and manufacture of drugs often use digital scales and package small amounts of drugs in individual bags. Furthermore, Jones testified that he planned to use the methamphetamine to "pick up a girl," and he admitted that he shared the methamphetamine with two other associates. "Giving drugs to others, even without receiving money in exchange, is distributing drugs under § 841(a)(1)." United States v. Ironi, 525 F.3d 683, 689 (8th Cir. 2008). On this record, a rational jury could not acquit Jones of possession with intent to distribute and convict him of simple possession. Therefore, the district court did not abuse its discretion in denying Jones' request for a lesser included instruction.

Jones also filed a motion for appointment of new counsel. Although we previously denied his motion, we did so without explanation. We now explain that ordinarily, we do not address claims of ineffective assistance of counsel on direct appeal because such claims usually involve facts outside of the existing record and are therefore best addressed in postconviction proceedings under 28 U.S.C. § 2255. United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995). Jones' claims may be appropriate for postconviction proceedings.

We affirm.

_____