# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3200

_____

United States of America,         *
                                        *

          Appellee,          *
                                        *   Appeal from the United States

      v.                    *   District Court of the
                                        *   Eastern District of Missouri.

Tracy Lee Selvy,             *
                                        *

          Appellant.        *

_____

Submitted: June 15, 2010
Filed:  August 30, 2010

_____

Before MELLOY, HANSEN, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Pursuant to a written plea agreement, Tracy Selvy pleaded guilty to conspiracy to distribute an unspecified quantity of marijuana, conspiracy to distribute a substance containing more than one kilogram of heroin, and money laundering. The plea agreement contained an appeal waiver that the district court[1] reviewed with Selvy. The district court accepted Selvy's guilty pleas and sentenced Selvy to 188 months' imprisonment, the top of the Guidelines range. On appeal, Selvy argues that the government breached the plea agreement. Alternatively, Selvy maintains that if the

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

government did not breach the agreement, he entered the agreement, including the appeal waiver, unknowingly and unintelligently. We affirm.

## I. *Background*

The government presented a three-count superceding information, charging Selvy with conspiracy to distribute an unspecified quantity of marijuana, conspiracy to distribute heroin, and money laundering. Selvy waived the right to an indictment and agreed to proceed with this information. Selvy entered into a plea agreement with the government and agreed to plead guilty to the three counts charged in the superceding information. In exchange, the government agreed not to file a notice under 21 U.S.C. § 851 to seek an enhanced sentence based upon a prior drug conviction.[2] The agreement contained specific Guidelines stipulations, including the base offense level, a two-level leadership enhancement, and a three-level reduction for acceptance of responsibility. The parties did not reach any stipulations as to Selvy's criminal history. The agreement also reported that Selvy waived the right to appeal "any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis of the plea" and "to appeal all sentencing issues," as long as the district court applied the plea agreement's recommendations and sentenced him within the Guidelines range.[3]

---

[2]Selvy had been convicted of possession of a controlled substance in the Circuit Court of Cape Girardeau County, Missouri. If that offense had been included, Selvy would have faced a statutory mandatory minimum term of imprisonment of 240 months.

[3]The final two paragraphs of the plea agreement set forth an agreement as to the extent of Selvy's relevant conduct for the purposes of sentencing:

> The Defendant further admits that the types of controlled substances that he is responsible for and which are relevant to the instant offense, include sales of heroin, cocaine, and marijuana. The Defendant admits that the quantity of controlled substances that he is responsible for, including relevant conduct under section 1B1.3, and based on the

Selvy appeared and pleaded guilty to the three counts of the superceding information. During the plea hearing, the district court recognized that the plea agreement contained an appeal waiver. As to non-sentencing issues, both parties expressly agreed to "waive all rights to appeal non-jurisdictional issues including . . . any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea." As to sentencing, the waiver expressly waived "all rights to appeal all sentencing issues, including any issues relating to the determination of the Total Offense Level, the Criminal History Category, Career Offender status and Armed Career Criminal Status." The court reviewed the terms of the waiver with Selvy and accepted Selvy's guilty pleas.

The probation office prepared a presentence investigation report (PSR). The PSR found that Selvy's base offense level was 34, applied a two-level increase for leadership, and applied a three-level reduction for acceptance of responsibility, for a total offense level of 33. Paragraphs 9, 10, 11, and 12 of the PSR outlined "offense conduct" dating back to September 1998. Consequently, the PSR counted four criminal history points from offenses in 1990 and 1991. Selvy objected, arguing that the government had breached the plea agreement by advocating for inclusion of uncharged drug trafficking activity dating back to September 1998 as relevant conduct. Selvy also noted that even if the government had not breached the agreement, the claimed amounts were not relevant conduct. Finally, Selvy noted that because the instant offenses were not relevant conduct, because he spent just four months

marijuana equivalency, is at least 3,000 kilograms but less than 10,000 kilograms of marijuana. The relevant conduct quantity is based on drug trafficking committed by the defendant that was 'part of the same course of conduct or common scheme or plan' under U.S.S.G. Section 1B1.3(a)(2).

The Defendant and the Government agree that the facts set forth above are true and may be considered as 'relevant conduct' pursuant to Section 1B1.3.

incarcerated, and because he was released in May 1992, the 1990 and 1991 offenses were not countable under U.S.S.G. § 4A1.2(e)(2). The government responded that it believed that the plea agreement had not limited the scope of relevant conduct or prior convictions. The government did concede that the 1990 and 1991 prior convictions should not be used to calculate Selvy's criminal history points. Accordingly, the government agreed that Selvy's total offense level was 33 and that his criminal history category was II. Those calculations established a Guidelines range of 151 to 188 months' imprisonment. The government also requested an upward departure on the grounds that a criminal history category of II underrepresented the seriousness of Selvy's criminal history.

At the sentencing hearing, Selvy's attorney reported that, because the government was willing to agree that the appropriate criminal history category was II, he had no objections to the Guidelines calculations. Accordingly, the district court found the Guidelines range to be 151 to 188 months. The government then requested an upward departure to bring Selvy's criminal history category from II to IV. The district court denied the government's request for an upward departure. But the district court also specifically noted that it had seen Selvy 20 years prior. The district court also stated that it believed that Selvy's drug trafficking had been ongoing "for ten years or so now." The district court then sentenced Selvy at the high end of the Guidelines range, imposing a sentence of 188 months' imprisonment.

## II. *Discussion*

On appeal, Selvy argues that he entered the plea agreement, including the appeal waiver, unknowingly and unintelligently because the government made assurances that turned out to be false. *See United States v. Unger*, 700 F.2d 445, 448 n.4 (8th Cir. 1983) (noting "that if a defendant can make a strong showing that a guilty plea was entered in reliance on false assurances of the sentence to be imposed, the plea can be set aside as involuntary"). Selvy asserts that the government initially conceded that his 1990 and 1991 convictions should not be considered in the calculation of his

-4-

criminal history score but nevertheless continued to rely upon the 1990 and 1991 convictions to seek an increased sentence. Selvy contends that because he believed the plea agreement prohibited the government from seeking a higher sentence based upon his 1990 and 1991 convictions, he entered the plea agreement unknowingly and unintelligently.

Selvy also asserts that the plea agreement suggested that the parties agreed that his relevant conduct did not extend back before summer 2006. Selvy acknowledges that such an agreement would not bind the court, but he maintains that it should have bound the government not to seek an increased sentence based upon relevant conduct that it agreed should not be considered. Selvy argues that the government violated his right to due process by seeking a sentence higher than agreed to in the plea agreement.

Next, Selvy argues that if we find that the appeal waiver is valid, a miscarriage of justice would occur if the appeal waiver is applied. Finally, Selvy argues that in this case, the district court reviewed the *existence* of an appeal waiver with him. But, he submits, the district court failed to review *the terms* of the appeal waiver, thus failing to comply with Federal Rule of Criminal Procedure 11(b)(1)(N).

"We review de novo the issue of whether a defendant has knowingly and voluntarily waived rights in a plea agreement." *United States v. Swick*, 262 F.3d 684, 686 (8th Cir. 2001). "We review questions regarding the interpretation and enforcement of plea agreements de novo. Where a plea agreement has been accepted by the court, we generally interpret the meaning of the terms in the agreement according to basic principles of contract law." *United States v. Mosley*, 505 F.3d 804, 808 (8th Cir. 2007).

Selvy's arguments fail. First, the record reflects that Selvy failed to object to the government's sentencing arguments before the district court, thus we review according to the demanding plain error standard. "[A] defendant must object to a prosecutor's

remarks as being in breach of the plea agreement at the time of sentencing in order to preserve such claim for appeal." *United States v. Smith*, 590 F.3d 570, 576 (8th Cir. 2009).

> Rule 52(b) review—so-called 'plain-error review'—involves four steps, or prongs. First, there must be an error or defect—some sort of deviation from a legal rule—that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings. Fourth and finally, if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error-discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Meeting all four prongs is difficult, as it should be.

*Puckett v. United States*, 129 S.Ct. 1423, 1429 (2009) (internal quotations, alterations, and citations omitted).

We do not discern any error on the part of the district court, plain or otherwise, in the record. According to the agreement, both parties agreed that either side was free to argue that a sentence outside the applicable Guidelines range was appropriate, taking into account Guideline departure provisions and all matters set out in section 3553(a). The agreement stated, "Both parties retain their right to challenge the finding of the Presentence Report as to the defendant's criminal history and the applicable category; however, all decisions as to the appropriate Criminal History Category by the Court are final not subject to appeal."

Furthermore, the provision of the plea agreement that Selvy relies upon does not fairly support his position. Part IV of the plea agreement stated:

The above facts are set forth for the limited purpose of establishing a factual basis for this defendant's plea to the offenses charged and are not, and should not be construed as, a comprehensive recitation of the facts relative to the offenses charged or the criminal conduct of any other person.

A fair reading of this provision reveals no language preventing the government from arguing for an increased sentence based on conduct prior to 2006. Based on the above, we hold that the government did not breach the plea agreement. We further find that because the plea agreement cannot be fairly read to support Selvy's contentions, Selvy entered into the agreement, including the appeal waiver, knowingly and intelligently.

Next, because we find that the plea agreement does not suggest that the parties agreed that Selvy's relevant conduct did not extend back before summer 2006, we conclude that Selvy's due process rights were not violated.

Similarly, we find that no miscarriage of justice would occur by enforcing the appeal waiver.

When we review an appeal waiver, we must make two determinations: that the issue falls within the scope of the waiver and that both the plea agreement and the waiver were entered into knowingly and voluntarily. Even if both of these determinations are decided in the affirmative, we will not enforce a plea agreement waiver if enforcement would cause a miscarriage of justice. The government bears the burden of establishing (1) that the appeal is clearly and unambiguously within the scope of the waiver, (2) that the defendant entered into the waiver knowingly and voluntarily, and (3) that dismissing the appeal based on the defendant's waiver would not result in a miscarriage of justice.

*United States v. Snelson*, 555 F.3d 681, 685 (8th Cir. 2009) (internal quotations, alterations, and citation omitted). First, Selvy was sentenced to 188 months' imprisonment, which was within the Guidelines range for the total offense level that

the parties agreed upon. Such a sentence is exactly what Selvy agreed he would not appeal. Second, as stated above, we conclude that Selvy entered into the waiver knowingly and intelligently. Accordingly, we find that dismissing the appeal based on Selvy's waiver would not result in a miscarriage of justice.

Finally, the record reflects that the district court specifically reviewed the terms of the waiver contained in the plea agreement with Selvy, and Selvy acknowledged that he understood that he was waiving his right to appeal. Rule 11(b)(1)(N) provides:

> Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

At the plea hearing, the court advised Selvy of the following:

> In regard to the waiver of appeal, just to make sure the record is clear, [you] [are] waiving [your] right to appeal the actual sentence imposed as long as the Court follows the recommendations of the parties and . . . I neglected to mention that, that you would be waiving your right to appeal in the event that I would impose a sentence within the sentencing guidelines range.

Selvy stated that he understood these conditions. Accordingly, the court complied with Rule 11. Reviewing the record, we conclude the district court did not err, plainly or otherwise, in imposing Selvy's sentence.

### III. *Conclusion*

For the reasons stated above, we affirm.

_____