**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4779**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADRIAN JAMAR HALL,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  G. Ross Anderson, Jr., Senior District Judge.  (7:08-cr-00550-GRA-1)

Submitted:  September 9, 2010            Decided:  October 12, 2010

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher L. Murphy, STUCKEY LAW OFFICES, LLC, Charleston, South Carolina, for Appellant.  Kevin F. McDonald, Acting United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Jamar Hall appeals his convictions for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (2006), possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (2006), and use of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). For the reasons that follow, we affirm.

Hall first argues that the district court erred by denying his motion to suppress the firearm and marijuana found in the vehicle he was driving at the time of his arrest. He argues that pursuant to Arizona v. Gant, 129 S. Ct. 1710 (2009), which was decided while his case was pending on appeal, the search incident to arrest exception no longer justifies the police officers' search of the vehicle. Legal conclusions on a motion to suppress are reviewed de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir 2009). When the district court denies a suppression motion, this court reviews the evidence in the light most favorable to the government. United States v. Neely, 564 F.3d 346, 349 (4th Cir. 2009).

Warrantless searches "are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." California v. Acevedo, 500

2

U.S. 565, 580 (1991) (internal quotation marks and citation omitted). One such exception is the search incident to a lawful arrest, which permits "law enforcement officers following a lawful arrest [to] . . . search the arrestee's person and the area within his immediate control." United States v. Murphy, 552 F.3d 405, 410 (4th Cir. 2009) (internal quotation marks and citations omitted). Hall contends that under Gant, the search could not be justified as a search incident to a lawful arrest because he had already been secured in a patrol car when the police conducted the search.

In Gant, the Supreme Court held that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." Gant, 129 S. Ct. at 1723. The Court further explained that "[w]hen these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies." Id. at 1723-24.

While the search of Hall's vehicle does not appear to be justified as a search incident to an arrest in light of Gant, the seizure of the marijuana and the search leading to the discovery of the firearm are valid under other exceptions to the

3

Fourth Amendment's warrant requirement. With respect to the marijuana, testimony introduced at the suppression hearing indicates that it was in plain view on the floorboard of the vehicle, and thus, its discovery was not the result of a search within the meaning of the Fourth Amendment. With respect to the firearm, which was under a seat, and arguably not in plain view, the discovery of the marijuana in plain view gave police probable cause to conduct the search of the vehicle that ultimately led to the firearm's discovery. See Maryland v. Dyson, 527 U.S. 465, 467 (1999); United States v. Watkins, 662 F.2d 1090 (4th Cir. 1981). The district court, therefore, did not err in denying the motion to suppress.

Next, Hall challenges the court's denial of his request for a jury instruction on simple possession as a lesser included offense to possession with intent to distribute. This court "review[s] a district court's decision whether to give a jury instruction for abuse of discretion". See United States v. Kennedy, 372 F.3d 686, 698 (4th Cir. 2004). "For the defendant to be entitled to a lesser-included offense [instruction], the proof on the element that differentiates the two offenses must be sufficiently in dispute to allow a jury consistently to find the defendant innocent of the greater and guilty of the lesser offense." United States v. Baker, 985 F.2d 1248, 1258-59 (4th Cir. 1993).

4

We note at the outset that the district court erroneously determined that a lesser included offense instruction was not available as a matter of law because no such offense appears in the statute Hall was charged with violating.  We have squarely held to the contrary.  Id. at 1259.  In spite of the court's error, however, "[w]e are . . . entitled to affirm on any ground appearing in the record, including theories not relied upon or rejected by the district court."  Scott v. United States, 328 F.3d 132, 137 (4th Cir. 2003).

We held in United States v. Wright, 131 F.3d 1111, 1115-16 (4th Cir. 1997) that a defendant is entitled to an instruction on simple possession only when he offers "considerable affirmative evidence unrelated to drug quantity from which the jur[y] could have reasonably inferred that the defendant possessed the drugs solely for personal use."  We have regularly applied Wright in unreported opinions to affirm the denial of lesser-included offense instructions in cases involving small drug amounts.  See, e.g., United States v. Davis, 2010 WL 2465019, *5-6 (4th Cir. 2010).

To be sure, in cases decided before Wright, we appear to have adopted a contrary approach.  In them, we held that a district court must issue a possession instruction when proof of distribution is "sufficiently in dispute" to allow the jury to convict the defendant of simple possession.  Baker, 985 F.2d at

5

1258. We made clear that evidence can be in sufficient dispute even absent a direct "conflict in the testimony." Id. at 1259 (quoting United States v. Medina, 755 F.2d 1269, 1273 (7th Cir. 1985)). We further stressed that any rational dispute about the evidence regarding distribution requires "resolution by the jury." United States v. Levy, 703 F.2d 791, 793 n.4 (4th Cir. 1983). In holding that a jury can never rationally convict for mere possession in the absence of substantial affirmative evidence of non-distribution, Wright seems to depart from the principles set forth in these cases.[*]

We need not resolve that possible conflict here, however. Cf. McMellon v. United States, 387 F.3d 329, 333 (4th Cir. 2004) (en banc) (holding that "as to conflicts between panel opinions, application of the basic rule that one panel cannot overrule another requires a panel to follow the earlier of the conflicting opinions"). This is so because Hall's possession of a digital scale, see J.A. 129, provides strong -- and uncontested -- evidence of his intent to distribute. See, e.g.,

---

[*] Wright's requirement that a defendant produce "affirmative evidence" of possession also seems at odds with the law of other circuits. See, e.g, United States v. Hernandez, 476 F.3d 791, 798-800 (9th Cir. 2007); United States v. Trujillo, 390 F.3d 1267, 1270-1276 (10th Cir. 2004); United States v. Lucien, 61 F.3d 366, 375-76 (5th Cir. 1995); United States v. Gibbs, 904 F.2d 52, 58-59 (D.C. Cir. 1990); United States v. Garcia-Duarte, 718 F.2d 42, 48 (2d Cir. 1983); United States v. Blake, 484 F.2d 50, 58 (8th Cir. 1973).

United States v. Jones, 586 F.3d 573, 575 (8th Cir. 2009) (recognizing that "people involved in the distribution and manufacture of drugs often use digital scales"); Davis, 2010 WL at *6. Accordingly, we cannot hold that the district court abused its discretion in denying Hall's request for a simple possession instruction.

In sum, we affirm Hall's convictions for possession of a firearm after a felony conviction, possession with intent to distribute marijuana, and use of a firearm in relation to a drug trafficking offense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED