# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1517

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Michael Adkins, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 14, 2010
Filed: April 12, 2011

_____

Before RILEY, Chief Judge, BEAM and BENTON, Circuit Judges.

_____

RILEY, Chief Judge.

Pursuant to a plea agreement, Michael Adkins pled guilty to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). The district court[1] calculated an advisory United States Sentencing Guidelines (U.S.S.G. or Guidelines) range of 188 to 235 months imprisonment and 3 to 5 years supervised release (level 31, category VI). The district court sentenced Adkins to 235 months imprisonment and 5 years supervised release. Adkins appeals, and we affirm.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

## I.    ISSUES

Adkins raises seven issues on appeal.  He alleges the district court erred in (1) denying his motion to suppress, (2) applying a four-level sentencing enhancement for possession of a firearm in connection with a felony pursuant to U.S.S.G. § 2K2.1(b)(6), (3) ruling Adkins's prior state breaking and entering conviction was a crime of violence for the purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), (4) ruling his prior state second degree burglary conviction was an ACCA crime of violence, (5) imposing a substantively unreasonable sentence, (6) applying a two-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(1)(A), because the offense involved possessing five or more firearms, and (7) finding Adkins was an armed career criminal when, in his previous state felony cases, Adkins's counsel never advised him about the ACCA before he pled guilty.

## II.    DISCUSSION

Most of Adkins's arguments are foreclosed because Adkins waived them in his plea agreement with the government.

> When we review an appeal waiver, we must make two determinations: that the issue falls within the scope of the waiver and that both the plea agreement and the waiver were entered into knowingly and voluntarily. Even if both of these determinations are decided in the affirmative, we will not enforce a plea agreement waiver if enforcement would cause a miscarriage of justice.

United States v. Selvy, 619 F.3d 945, 950 (8th Cir. 2010) (quoting United States v. Snelson, 555 F.3d 681, 685 (8th Cir. 2009)).  When Adkins pled guilty, the magistrate judge,[2] among other things, verified Adkins signed the plea agreement and was not under duress or the influence of drugs or alcohol, and the court thoroughly explained the terms of the appeal waiver.  We determine Adkins entered into the appeal waiver

---

[2]The Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

knowingly and intelligently, and enforcing the waiver's terms would not result in a miscarriage of justice. See Selvy, 619 F.3d at 951 (finding no miscarriage of justice where the appeal issue fell within the waiver and the defendant entered into the waiver knowingly and intelligently).

We enforce the appeal waiver as to Adkins's appeal issues (2)-(4) and (6). Among other things, the plea agreement states:

> The defendant reserves the right to [appeal] . . . the district court's order denying the defendant's Motion to Suppress. . . . [T]he defendant expressly waives his right to appeal his sentence . . . on any ground, except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

The applicability of sentencing enhancements under the Guidelines and predicate felonies under the ACCA are sentencing issues Adkins waived.[3]

---

[3]Because the ACCA alters the statutory maximum of the substantive crime in this case, it might be argued the ACCA issues fall under the appeal waiver's exception for "a sentence imposed in excess of the statutory maximum." Adkins does not raise this argument, and it is therefore waived. See United States v. Greene, 513 F.3d 904, 906 (8th Cir. 2008) ("This Court routinely enforces the doctrine of waiver and declines to address arguments a party fails to raise in its opening brief."). In any event, the argument fails because the plea agreement notified Adkins of the ACCA's statutory maximum of life imprisonment, which Adkins's 235-month sentence does not exceed. See United States v. Kelly, 18 F.3d 612, 616 (8th Cir. 1994) (interpreting a particular term of the plea agreement in light of the whole document); see also United States v. Yellow, 627 F.3d 706, 708 (8th Cir. 2010) ("Plea agreements are contractual in nature and should be interpreted according to general contractual principles." (quoting United States v. Thompson, 403 F.3d 1037, 1039 (8th Cir. 2005))).

Adkins's issue (7), also attacking the district court's imposition of the ACCA, is similarly waived, except to the extent Adkins raises a claim for ineffective assistance of counsel. And we have "explain[ed] ordinarily, we do not address claims of ineffective assistance of counsel on direct appeal because such claims usually involve facts outside of the existing record and are therefore best addressed in postconviction proceedings under 28 U.S.C. § 2255." United States v. Jones, 586 F.3d 573, 576 (8th Cir. 2009). We also do not address where, if anywhere, Adkins could raise his ineffective assistance of counsel claims regarding these earlier state convictions.

Finally, Adkins argues in his issue (5) that his sentence is substantively unreasonable. The government contends the appeal waiver forecloses this argument as well. Without deciding whether Adkins waived his right to appeal the substantive reasonableness of his sentence, we hold Adkins's sentence was substantively reasonable. Adkins was sentenced within his Guidelines range, and as this court has often stated, "we accord a presumption of reasonableness to a sentence within the advisory guideline range." United States v. Vinton, 631 F.3d 476, 487 (8th Cir. 2011) (citing Rita v. United States, 551 U.S. 338, 341 (2007)). Adkins's substantive reasonableness argument does not overcome the reasonableness presumption and is unavailing.

All that remains is Adkins's suppression issue, which was specifically excluded from the appeal waiver. This court reviews the district court's ultimate Fourth Amendment determination de novo, but reviews the underlying factual findings for clear error. See United States v. Brewer, 624 F.3d 900, 905 (8th Cir. 2010). Adkins argues the district court should have suppressed much of the evidence in his case because he insists the evidence was obtained in violation of his Fourth Amendment right to be free from unreasonable searches and seizures and his Fifth Amendment right against self-incrimination. See U.S. Const. amends. IV, V. Specifically, Adkins alleges the searches of his home conducted on September 9, September 10, November 16, and December 22, 2005, were unreasonable and a January 24, 2006, interrogation

violated his <u>Miranda</u> rights.  We have reviewed the record and find no legal error or clearly erroneous factual finding in the district court's order denying Adkins's motion to suppress.  <u>See</u> 8th Cir. R. 47B.

**III.   CONCLUSION**

We affirm in part and dismiss in part.

_____