# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3079

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Jose H. Cortes, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: August 1, 2011
Filed: August 18, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After a jury found Jose Cortes guilty of drug and immigration offenses, the District Court[1] imposed sentence, and Cortes filed this appeal. His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Cortes's conviction for conspiring to distribute 500 grams or more of methamphetamine was not supported by the evidence, which, especially as to drug amount, was based primarily on testimony from an unreliable police informant with a drug history.

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

Viewing the evidence in a light most favorable to the jury's verdict and accepting all reasonable inferences that support the verdict, as we must, we conclude that the evidence was sufficient to support Cortes's drug-conspiracy conviction. See United States v. Pruneda, 518 F.3d 597, 605 (8th Cir. 2008) (standard of review). The police informant testified about buying in excess of 500 grams of methamphetamine from Cortes and his co-conspirator, often at Cortes's residence. Additionally, police officers testified about seizing methamphetamine and over $24,000 in cash following a controlled purchase and a search of Cortes and his co-conspirator at Cortes's residence. See United States v. Hernandez, 569 F.3d 893, 896 (8th Cir. 2009) (elements of drug conspiracy), cert. denied, 130 S. Ct. 1308 (2010). The police informant testified about his prior drug and criminal history and about his cooperation with police. It was up to the jury to determine the credibility of the witness, to resolve any inconsistent testimony, and to consider whether and how the witness's desire to secure sentencing leniency affected his credibility. See United States v. Hodge, 594 F.3d 614, 618 (8th Cir.), cert. denied, 130 S. Ct. 3401 (2010).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no non-frivolous issues for appeal. Accordingly, we affirm the judgment of the District Court, and we grant counsel's motion to withdraw, subject to counsel informing Cortes about the procedures for seeking rehearing from this Court and for filing for a petition for a writ of certiorari from the U.S. Supreme Court.

_____