# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1304

_____

United States of America

*Plaintiff - Appellee*

v.

Jamal Lewis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: September 4, 2013
Filed: September 16, 2013
[Unpublished]

_____

Before SMITH, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Shortly before Jamal Lewis completed the prison term he was serving as a result of his conviction for being a felon in possession, the government filed a petition to determine his mental status under 18 U.S.C. § 4246. The petition alleged there was reasonable cause to believe that Lewis was suffering from a mental disease or defect as a result of which his release would pose a substantial risk of injury to

another or serious damage to the property of another. After a hearing, the District Court[1] committed Lewis to the custody of the Attorney General for hospitalization and treatment of his mental condition in a suitable facility. See United States v. Williams, 299 F.3d 673, 676 (8th Cir. 2002) (noting that in order to justify an individual's § 4246 commitment, the government must prove by clear and convincing evidence that the defendant has a mental disease or defect that would result in a substantial risk of dangerousness to others if he is released). Lewis appeals.

We have reviewed the arguments in Lewis's counseled and pro se briefs, and we conclude that the District Court's findings in support of the commitment order are not clearly erroneous. In relevant part, the evidence showed that mental health experts were of the unanimous opinion that Lewis's unconditional release would present a substantial risk to others because the symptoms of his serious and chronic schizophrenia were controlled only with psychotropic medication that he periodically failed to take. See id. (explaining that a factual finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made).

Accordingly, we affirm. We also grant counsel's motion to withdraw, subject to counsel informing Lewis about procedures for seeking rehearing or filing a pro se petition for certiorari.

_____

_____

[1]The late Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.