# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3681

_____

United States of America

*Plaintiff - Appellee*

v.

Travis D. Oberg

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 6, 2013
Filed: September 17, 2013
[Unpublished]

_____

Before SMITH, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Travis Oberg appeals the 100-month prison sentence the district court[1] imposed upon his guilty plea to a wire-fraud charge, in violation of 18 U.S.C. § 1343. His

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

counsel has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967). Oberg pleaded guilty pursuant to a plea agreement, the recommendations in which did not bind the court, and which contained a waiver of his right to appeal his conviction and sentence. He has filed a pro se supplemental brief arguing that the waiver should not be enforced because the court did not "accept" the parties' agreement to a particular sentencing range. He also moves for new counsel.

After carefully reviewing the record, we will enforce the appeal waiver here. Although the court did not personally address Oberg about the waiver of the right to appeal his sentence, contrary to the requirement of Federal Rule of Criminal Procedure 11(b)(1)(N), we conclude that the error did not affect his substantial rights, because the record demonstrates that he entered into both the waiver and the agreement knowingly and voluntarily. At the time of his plea, Oberg was a 44-year-old high school graduate whose first language was English, and who had operated a sophisticated fraudulent business scheme; at no time did he contend--below or on appeal--that he did not understand he was waiving his appellate rights. See United States v. Michelson, 141 F.3d 867, 871-72 (8th Cir. 1998) (standard of review; examining personal characteristics of defendant and circumstances surrounding plea agreement when assessing knowledge and voluntariness of waiver). Although his pro se brief might be read to suggest that he did not enter into the plea agreement knowingly and voluntarily because he thought the agreement guaranteed a certain sentencing range, the plain language of the agreement (which Oberg testified he had read and understood) does not support such an interpretation: the agreement states clearly and repeatedly that Oberg understood that the court could impose any sentence authorized by law and would not be bound by the parties' estimate or recommendation. <u>See</u> <u>United States v. Selvy</u>, 619 F.3d 945, 950 (8th Cir. 2010) (because plea agreement could not be fairly read as defendant asserted, finding he entered into agreement and appeal waiver knowingly and voluntarily).

We also conclude that this appeal falls within the scope of the waiver, and that no miscarriage of justice would result from enforcing it.  See United States v. Jennings, 662 F.3d 988, 990 (8th Cir. 2011), cert. denied, 132 S. Ct. 2407 (2012).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal beyond the scope of the waiver.  Accordingly, we dismiss the appeal, deny Oberg's motion for new counsel, and grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____