# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3538

_____

United States of America,

*Plaintiff - Appellee*,

v.

Constantino Eredia,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 19, 2014
Filed: October 2, 2014 **(Corrected October 3, 2014)**
[Unpublished]

_____

Before COLLOTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Constantino Eredia directly appeals after the district court[1] revoked his supervised release and sentenced him above the Chapter 7 advisory Guidelines range

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

to the statutory maximum of 36 months in prison. His counsel has filed a brief, arguing (1) that Eredia's revocation sentence was unreasonable, and (2) that Eredia received ineffective assistance of counsel in the revocation proceedings. His counsel has also moved for leave to withdraw.

Upon careful review, we conclude that the district court neither erred procedurally nor made a substantively unreasonable decision, and thus the court did not impose an unreasonable revocation sentence. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (describing appellate review of sentencing decisions); *see also United States v. Young*, 640 F.3d 846, 848 (8th Cir. 2011) (per curiam) (same review standard applies for revocation sentence as for initial sentence). Next, we decline to consider Eredia's ineffective-assistance argument on direct appeal, because ineffective-assistance claims ordinarily are deferred to 28 U.S.C. § 2255 proceedings. *See United States v. McAdory*, 501 F.3d 868, 872-72 (8th Cir. 2007).

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

COLLOTON, Circuit Judge, concurring in part and dissenting in part.

I concur in the opinion affirming the judgment, but consistent with the longtime practice of this court, I would grant counsel's motion to withdraw, subject to counsel informing Eredia about the procedures for filing a petition for writ of certiorari pro se. *E.g.*, *United States v. Oberg*, 530 F. App'x 604, 605 (8th Cir. 2013); *United States v. Lewis*, 530 F. App'x 602, 603 (8th Cir. 2013); *United States v. Stone*, 529 F. App'x 800, 801 (8th Cir. 2013); *United States v. Cortes*, 424 F. App'x 607,

608 (8th Cir. 2011). Part V of this court's Plan to Implement the Criminal Justice Act of 1964 contemplates that the court will grant counsel's motion to withdraw *before* counsel advises the defendant of the procedures for filing a petition for writ of certiorari pro se: "If the motion to withdraw *is granted*, counsel shall promptly advise the defendant of the procedures for filing a petition for writ of certiorari pro se, following which counsel's representation of the defendant shall terminate." Plan to Implement the Criminal Justice Act of 1964, Part V (Dec. 6, 1994) (emphasis added).

The Supreme Court in *Anders v. California*, 386 U.S. 738 (1967), directed that counsel who believes an appeal is frivolous should file a motion to withdraw together with a brief that refers to anything in the record that arguably might support an appeal. *Id*. at 744. When the motion to withdraw is filed in a case governed by *Anders*, the case is pending before the court of appeals, and there is still potential that the court will deny the motion to withdraw and order adversarial briefing if the court identifies a non-frivolous issue. *Penson v. Ohio*, 488 U.S. 75, 82-84 (1988). It would be premature and confusing for counsel—at the time a brief and motion to withdraw are filed in the court of appeals—to advise the appellant of the procedures for filing a petition for writ of certiorari pro se at the Supreme Court. But if this court refuses to grant counsel's motion to withdraw after the court determines that the appeal is frivolous, then counsel will be required to file two motions to withdraw in every *Anders* case—one with the *Anders* brief and another after the court of appeals affirms the judgment. I do not favor that approach and would instead follow this court's traditional practice of granting the motion to withdraw at the time of judgment, subject to counsel thereafter providing advice to his client about pro se filings as described in this circuit's plan to implement the Criminal Justice Act.

———————————————————