COLLOTON, Circuit Judge,
concurring in part and dissenting in part.
I concur in the opinion affirming the judgment, but consistent with the longtime practice of this court, I would grant counsel’s motion to withdraw, subject to counsel informing Eredia about the procedures for filing a petition for writ of certiorari pro se. E.g., United States v. Oberg, 530 Fed.Appx. 604, 605 (8th Cir.2013); United States v. Lewis, 530 Fed.Appx. 602, 603 (8th Cir.2013); United States v. Stone, 529 Fed.Appx. 800, 801 (8th Cir.2013); United States v. Cortes, 424 Fed.Appx. 607, 608 (8th Cir.2011). Part V of this court’s Plan to Implement the Criminal Justice Act of 1964 contemplates that the court will grant counsel’s motion to withdraw before counsel advises the defendant of the procedures for filing a petition for writ of certio-rari pro se: “If the motion to withdraw is granted, counsel shall promptly advise the defendant of the procedures for filing a petition for writ of certiorari pro se, following which counsel’s representation of the defendant shall terminate.” Plan to Implement the Criminal Justice Act of 1964, Part V (Dec. 6, 1994) (emphasis added).
The Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), directed that counsel who believes an appeal is frivolous should file a motion to withdraw together with a brief that refers to anything in the record that arguably might support an appeal. Id. at 744, 87 S.Ct. 1396. When the motion to withdraw is filed in a case governed by Anders, the case is pending before the court of appeals, and there is still potential that the court will deny the motion to withdraw and order adversarial briefing if the court identifies a non-frivolous issue. Penson v. Ohio, 488 U.S. 75, 82-84, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). It would be premature and confusing for counsel — at the time a brief and motion to withdraw are filed in the court of appeals — to advise the appellant of the procedures for filing a petition for writ of certiorari pro se at the Supreme Court. But if this court refuses to grant counsel’s motion to withdraw after the court determines that the appeal is frivolous, then counsel will be required to file two motions to withdraw in every Anders case — one with the Anders brief and another after the court of appeals affirms the judgment. I do not favor that approach and would instead follow this court’s traditional practice of granting the motion to withdraw at the time of judgment, subject to counsel thereafter providing advice to his client about pro se filings as described in this circuit’s plan to implement the -Criminal Justice Act.