# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2153
_____

United States of America

*Plaintiff - Appellee*

v.

Kamron Leemonte Mathis

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: April 14, 2025
Filed: August 15, 2025
[Unpublished]
_____

Before ERICKSON, ARNOLD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Kamron Mathis pleaded guilty to illegally possessing a firearm. *See* 18 U.S.C. § 922(g)(1) (prohibiting possession by felons). As part of the plea agreement, he waived his "right to appeal" nearly "all non-jurisdictional issues." His only non-waived argument is foreclosed by precedent, so we affirm in part but otherwise grant the government's motion to dismiss.

The only question we can address on the merits is a facial Second Amendment challenge to the felon-in-possession statute. *See id.* It is "jurisdictional" and "survive[s] a guilty plea," *United States v. Nunez-Hernandez*, 43 F.4th 857, 860 (8th Cir. 2022), because the government could "not constitutionally prosecute" him if it succeeded, *Menna v. New York*, 423 U.S. 61, 63 n.2 (1975) (per curiam). The problem for Mathis is that we have already upheld the statute. *See United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024) (upholding § 922(g)(1) against a facial Second Amendment challenge); *Liberty Mut. Ins. Co. v. Elgin Warehouse & Equip.*, 4 F.3d 567, 571 (8th Cir. 1993) ("In this circuit only an en banc court may overrule a panel decision . . . .").

Whether the district court[1] should have allowed him to withdraw his guilty plea, on the other hand, is a non-jurisdictional issue that he waived. *See United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the issue falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). By its terms, the appeal waiver covers "*any* issues relating to the negotiation, taking[,] or acceptance of the guilty plea." (Emphasis added). Any attempt to withdraw the plea for one of those reasons also falls within its scope. *See United States v. Gray*, 528 F.3d 1099, 1102 (8th Cir. 2008) (reaching the same conclusion based on similar waiver language).

Finally, even if he had directly raised the Sixth Amendment jury-trial issue that he claims requires plea withdrawal, *see Erlinger v. United States*, 602 U.S. 821, 834 (2024), it too would have been waived. *See United States v. Adkins*, 636 F.3d 432, 434 (8th Cir. 2011) (concluding that a plea agreement can waive challenges to the "applicability of sentencing enhancements . . . and predicate felonies under" the

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

Armed Career Criminal Act).  We accordingly affirm in part, dismiss in part, and deny the government's motion to strike portions of Mathis's brief as moot.

_____