# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 25-1567

———————————————

United States of America

*Plaintiff - Appellee*

v.

Quentin Joel Nighttraveller

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Southern District of Iowa - Western

————————

Submitted: April 15, 2026
Filed: June 5, 2026
[Unpublished]

————————

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.

————————

PER CURIAM.

Quentin Joel Nighttraveller pleaded guilty to transporting a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). Varying upward, the district court[1] sentenced him to 168 months in prison. He appeals,

---

[1]The Honorable Stephen J. Locher, United States District Judge for the Southern District of Iowa.

arguing that the length of his sentence is substantively unreasonable and that he received ineffective assistance of counsel during sentencing. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Nighttraveller, a commercial truck driver, left Canada for the United States on a work trip. He brought along a 14-year-old female relative. On May 7, 2024, they stopped at a truck stop in Minnesota. That night, Nighttraveller gave her alcohol and sexually assaulted her several times. The next morning, they traveled to Iowa, eventually parking at the edge of a truck stop. That evening, Nighttraveller tried to assault her again. Resisting, she tried to call her mother on his phone, but the call disconnected. She escaped an hour later, crying, running barefoot and in pajamas from the truck into a store, a thousand miles from home. She called and talked with her mother. Nighttraveller had driven away. On the afternoon of May 9, police located him in Nebraska. After *Miranda* warnings, he admitted committing several types of sex acts; offering money in exchange for her silence; and struggling with her when she tried to call her mother. A sexual-assault examination found physical injuries to the victim and, on her buttocks, DNA matching Nighttraveller's. On his phone were close-up images of her body and searches for adult pornography.

The Presentence Investigation Report calculated a guideline range of 108–135 months—adjusted to 120–135 months due to the 10-year minimum sentence under 18 U.S.C. § 2423(a). The Government requested a sentence within the range. Nighttraveller sought a 120-month sentence, emphasizing that it would be in the middle of the guideline range, if not for the statutory minimum. The district court varied upward, imposing a 168-month sentence.

I.

This court reviews a challenge to the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant

weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing them. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). District courts must impose a sentence "sufficient, but not greater than necessary" to comply with the purposes and factors in 18 U.S.C. § 3553(a). "It will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Feemster*, 572 F.3d at 464. If a sentence is outside the range, this court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

The district court here imposed the sentence after making an individualized assessment based on the record and the § 3553(a) factors. The district court cited the "horrific" trauma of a relative's sexual assault, the inadequacy of the guidelines range to reflect its severity, and the need to promote respect for the law and provide a just punishment. The court noted that the victim's selective mutism—an anxiety disorder that causes difficulty speaking in stressful situations—increased her vulnerability, because Nighttraveller knew it would inhibit her resistance and any later communications about the sexual assault.

Nighttraveller believes that the district court did not give enough weight to the factors his counsel highlighted. To the contrary, the district court considered his immediate confession and guilty plea (sparing the victim from testifying); no meaningful criminal history; his age; and some family support (which included letters of support from two of his daughters). *See United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009) (upholding a sentence where the district court made an individualized assessment of the facts and addressed the defendant's proffered information in considering the § 3553(a) factors). A district court has "wide latitude" in weighing the § 3553(a) factors and "may give some factors less weight than a defendant prefers" without abusing its discretion. *United States v. Anderson*, 618 F.3d 873, 883 (8th Cir. 2010). The sentence imposed was not substantively unreasonable.

II.

Nighttraveller asserts that his counsel was ineffective by not contesting the victim's allegation of penile penetrations and not introducing evidence that he had erectile dysfunction—which he believes would have affected the sentence. *See generally Strickland v. Washington*, 466 U.S. 668, 687–88 (1984) (recognizing ineffective assistance of counsel as a basis to overturn a conviction when counsel's performance is objectively unreasonable and prejudices the outcome of the case); *Lafler v. Cooper*, 556 U.S. 156, 165 (2012) (recognizing a right to effective counsel, subject to the *Strickland* test, during sentencing).

Ineffective assistance claims are generally reviewed under 28 U.S.C. § 2255, not on direct appeal, because they "usually involve facts outside of the existing record." *United States v. Adkins*, 636 F.3d 432, 434 (8th Cir. 2011). This court addresses ineffective assistance claims on direct appeal only in "exceptional circumstances"—where the record is fully developed, where the ineffectiveness is readily apparent, or where delay causes a plain miscarriage of justice. *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006).

No exceptional circumstance exists here. Nighttraveller's claim depends on assertions, first made on appeal, about his discussions with counsel and the decisions they made. These involve facts outside of the existing record; ineffectiveness is not readily apparent; and any delay does not amount to a plain miscarriage of justice. This court declines to address the ineffective-assistance-of-counsel claim on direct review.

\* \* \* \* \* \* \* \*

The judgment is affirmed.

_____